Edward P. Moriarity
Shandor S. Badaruddin
Moriarity, Badaruddin & Booke, LLC
124 West Pine Street
Missoula, Montana 59802-4222
Telephone: 406-728-6868
Facsimile: 406-728-7722
Email: Shandor@mbblawfirm.com;
Ed@mbblawfirm.com

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MONTANA

# MISSOULA DIVISION

| | |
|---|---|
| LAURA HART,<br><br>        Plaintiff,<br><br>    v.<br><br>MISSOULA SAWS, INC., BRIAN MILLER, and JOHN DOES 1 to 10,<br><br>        Defendants. | CASE NO: _____<br><br>**COMPLAINT & DEMAND FOR JURY TRIAL** |

COMES NOW the Plaintiff, Laura Hart, by and through her undersigned attorneys, and submits this Complaint and Demand for Jury Trial and alleges as follows:

## PARTIES

1.      Plaintiff Laura Hart is an individual who resides and is domiciled in Seattle, Washington. Plaintiff Hart is a citizen of Washington.

2.      Defendant Missoula Saws, Inc. is a Montana Corporation, which has a principal place of business at 212 Commerce Street, Missoula, Montana 59808. This Defendant's registered agent is Brian Miller, who may be served with process at 212 Commerce Street, P.O. Box 16005, Missoula, Montana, 59802. Defendant Missoula Saws, Inc. is a Montana Corporation and is not a citizen of Washington. Defendant Missoula Saws, Inc. was not incorporated under the laws of Washington and has no offices or employees in Washington. Defendant Missoula Saws, Inc. has no managers or operators exercising control or making decisions from the State of Washington, and its nexus of operation is not in the State of Washington.

3.      Brian Miller is an individual who resides in Missoula, Montana and who is a citizen of Montana. Brian Miller is one of the Directors of the Defendant Missoula Saws, Inc., and is the President of Missoula Saws, Inc., and is otherwise an officer, manager and general agent of the Defendant Missoula Saws, Inc.

4.      Defendants John Doe Numbers 1-10 are individuals and entities whose true identities are presently unknown, but whose acts and omissions have caused or contributed to Plaintiff's injuries and damages as more specifically described in this Complaint.  Plaintiff intends to name these Defendants by a

fictitious name, pursuant to Mont. Code Ann. § 25-5-103 (2011), because Plaintiff is ignorant of the actual name of the party. If and when a true name is discovered, this Complaint will be amended to identify these Defendants by their true name. No John Doe or fictitiously named Defendant is a resident or citizen of the State of Washington.

## JURISDICTION AND VENUE

5. There is diversity of citizenship between the Plaintiff and each of the Defendants.

6. Each Defendant has minimum contacts with the State of Montana.

7. The amount in controversy exceeds $75,000.00

8. This Court has jurisdiction pursuant to 28 U.S.C. § 1332 (2006).

9. Plaintiff's injuries were received in Missoula County, State of Montana, and one or more of the negligent acts and omissions of the Defendants occurred in Missoula County, State of Montana.

10. The acts and omissions giving rise to this lawsuit took place within the United States District for the District of Montana, and within Missoula County, State of Montana. Missoula County is one of the counties that make up the Missoula Division of the District of Montana as defined in L.R. 1.9(e). Venue is appropriate in the Missoula Division of the District of Montana, pursuant to L.R. 1.11(a)(2).

## FACTS COMMON TO ALL CAUSES OF ACTION

11. On August 27, 2010, the Defendant Missoula Saws, Inc. was operating a 2008 Model Chevrolet Pickup Truck with VIN #1GCHK33638F136792, bearing Montana Plates with a license number 4C390B, hereinafter the "Truck."

12. Defendant Missoula Saws, Inc. owned the Truck.

13. Defendant Brian Miller, hereinafter "Miller," was driving the Truck.

14. Miller was an employee, representative or agent of Defendant Missoula Saws, Inc. Miller was also acting for and on behalf of the Defendant Missoula Saws, Inc.

15. Miller was operating the Truck on August 27, 2010, within the course and scope of his employment, representation and/or agency. Miller was operating the Truck with the knowledge and consent of the Defendant Missoula Saws, Inc.

16. Defendant Missoula Saws, Inc., is liable for its own acts and omissions, as are, or may be, executed by its officers, directors, managers and agents.

17. Defendant Missoula Saws, Inc. is also vicariously liable for all acts and omissions Miller committed within the course and scope of his employment.

18. Defendant Missoula Saws, Inc. is directly liable for the acts and omissions of its directors, officers and managing agents.

19.　Defendant Missoula Saws, Inc. is responsible for the maintenance, repair and condition of the Truck.

20.　Defendant Missoula Saws, Inc. had possession and control of the Truck, and was responsible for maintaining and repairing the Truck – as well as each and every one of its component parts – in a safe and roadworthy condition.

21.　Defendant Missoula Saws, Inc. was responsible for hiring, training and supervising all employees, representatives and agents who would be entrusted with motor vehicles such as the Truck.

22.　On August 27, 2010, Plaintiff was at the Town Pump in Lolo, Montana. The Town Pump has gas pumps and a convenience store. Plaintiff exited the Town Pump Store and entered the parking lot/gas pump area. Plaintiff was on foot.

23.　Defendant Miller drove the Defendant Missoula Saws, Inc. Truck in an erratic, reckless, careless and negligent manner in an area in which pedestrians were traveling.

24.　Defendant Miller had time and opportunity to stop or avoid running the Missoula Saws, Inc. Truck into Plaintiff, but failed to do so.

25.　Defendant Miller struck Plaintiff with the Missoula Saws, Inc. Truck.

26.　Defendant Miller did not attempt to stop or avoid Plaintiff.

27.　Defendant Miller did not sound his horn at any time while at the

Town Pump or anytime immediately prior to striking Plaintiff.

28. Plaintiff was injured as a result of getting struck by the Truck.

29. Plaintiff's injuries were a proximate result of getting struck by the Truck.

30. Plaintiff was taken to the hospital.

31. Plaintiff Hart suffered general and special damages in excess of $75,000.00.

32. The Defendants failed to maintain their vehicle at an appropriate speed given the circumstances, conditions, and the actual and potential hazards that existed at the time of the crash.

33. Each of the Defendants, in violation of the rules of the road as set forth in the laws of Missoula County, the statutes of the State of Montana and the United States of America, were operating their vehicles in an unsafe manner, and in an unsafe condition, and placed others at risk of death or injury.

34. Each of the Defendants violated their duty of due care to others such as the Plaintiff.

35. The Defendant Missoula Saws, Inc. failed to hire, train and supervise its employees regarding the inspection of vehicles, proper operation of vehicles, proper maintenance of vehicles and other matters related to the safe operation of vehicles.

36. The Defendant Missoula Saws, Inc. failed to ensure its directors, officers and managing agents were competent regarding proper inspection of vehicles, proper operation of vehicles, proper maintenance of vehicles and other matters related to the safe operation of vehicles.

37. The Defendant Missoula Saws, Inc. is responsible for the acts and omissions of its agents, representatives, employees and for its own acts and omissions.

38. On August 27, 2010, Defendant Miller was authorized to drive the Truck at the time and in the manner that he drove it, and in the condition in which the Truck was in on that date.

39. Defendant Missoula Saws, Inc. ratified all acts committed by Defendant Miller on August 27, 2010.

40. As a direct and proximate result of each of the Defendants' own respective acts and omissions, and as a direct and proximate result of Defendants' failure to act reasonably in the hiring, training, supervision, management and monitoring of, and entrustment to, Defendants' employees for whom the Defendants are vicariously liable, Plaintiff proximately suffered substantial personal injuries, for which Plaintiff has incurred medical expenses and suffered other special and general damages, as more particularly set forth below in the section of this Complaint entitled "Damages".

## FIRST CAUSE OF ACTION
## NEGLIGENCE

41. Plaintiff hereby incorporates by reference all statements and allegations contained in paragraphs above, as if fully set forth herein.

42. At all times relevant hereto, the Defendants owed a duty to Plaintiff to operate and maintain their vehicles in a safe and reasonable manner so as to avoid collisions and avoid injury to the Plaintiff.

43. Defendants did not exercise due care.

44. By their negligent acts and omissions as described herein, and which may otherwise exist, Defendants breached their duties owed to Plaintiff.

45. As the direct and proximate result of the Defendants' acts and omissions and their breaches of duty, Defendants caused personal injuries and special and general damages to Plaintiff, in an amount that exceeds the jurisdictional minimum of this Court, to be specifically proven at trial.

46. The Defendant Missoula Saws, Inc. is a corporation, and is in law a person, but it acts through its directors, or officers, or employees or other agents and is responsible for all acts and omissions of its directors, or officers, or employees or other agents, provided when such acts or omissions are done within the scope of their authority and to benefit the corporation.

47. Defendant Miller was acting within the scope of his authority as a director, officer, agent and/or employee and was acting to benefit the corporation

at the time of Plaintiffs' injury.

48. In addition to their own liability for their own negligent acts and omissions, Defendants are vicariously liable for the negligent acts and omissions of their employees, representatives and agents, by virtue of the doctrine of *respondeat superior*.

## SECOND CAUSE OF ACTION
## NEGLIGENCE PER SE

49. Plaintiff hereby incorporates by reference all statements and allegations contained in paragraphs above, as fully set forth herein.

50. The rules of the road including but not limited to the laws of Missoula County, the State of Montana and of the United States of America, require the following:

> a. No person may operate a vehicle with willful or wanton disregard for the safety of persons or property. Mont. Code. Ann. § 61-8-301(a) (2011).
>
> b. A person operating or driving a vehicle on a public highway shall drive it in a careful and prudent manner that does not unduly or unreasonably endanger the life, limb, property or other rights of a person entitled to the use of the highway. Mont. Code Ann. § 61-8-302(1) (2011).
>
> c. No person shall start a vehicle that is stopped, standing, or parked

      unless and until such movement can be made with reasonable safety. Mont. Code Ann. § 61-8-335 (2011).

   d. A person may not turn a vehicle without giving an appropriate signal. Mont. Code Ann. § 61-8-336(1) (2011).

   e. The operator of a vehicle within a business or residence district who is emerging from an alley, driveway, private road or building shall stop the vehicle immediately prior to driving on a sidewalk or onto the sidewalk area extending across an alley, driveway or private road and shall yield the right-of-way to pedestrians. Mont. Code Ann. § 61-8-345 (2011).

   f. An operator of a vehicle shall exercise due care to avoid colliding with a pedestrian or with a person propelling a human-powered vehicle or using an assistive mobility device upon a roadway, shall give warning by sounding the horn when necessary. Mont. Code Ann. § 61-8-504 (2011).

   51. Defendant Missoula Saws, Inc. and its officer, director, agent, employee and/or representative, Defendant Miller, violated all of the above referenced legal provisions.

   52. Defendant Missoula Saws, Inc. and its officer, director, agent, employee and/or representative, Defendant Miller, violated other laws, ordinances

and regulations in addition to those identified by Plaintiff above.

53. At the time of the crash involved in this case, the Plaintiff was among the class of persons for whom the laws and regulations described above were designed to protect.

54. This failure to abide by the laws and regulations described above, and which otherwise exist, constituted a breach of the Defendants' duty of reasonable care for the protection of the Plaintiff.

55. At the time of the crash involved in this case, the Defendants failed to abide by the existing laws, ordinances and regulations, and as a result of the violations, are *negligent per se*.

56. As a proximate result of the *negligence per se* of Defendants, the Plaintiff was injured.

57. As the direct and proximate result of the Defendants' acts and omissions, which resulted in their breaches of duty, Defendants caused personal injuries and special and general damages to Plaintiff, in an amount that exceeds the minimum jurisdictional amount of this Court, to be specifically proven at trial.

58. In addition to being liable for its own negligent acts and omissions, Defendant Missoula Saws, Inc. is vicariously liable for the negligent acts and omissions of its employees, representatives and agents, by virtue of the doctrine of *respondeat superior*.

## THIRD CAUSE OFACTION/REMEDY
## PUNITIVE DAMAGES

59. The Plaintiff hereby incorporates by reference, all statements and allegations contained in paragraphs above, as if fully set forth herein.

60. The Defendants owed a duty of reasonable care to Plaintiff to avoid causing injury to Plaintiff.

61. Defendants' acts and omissions, as described in this Complaint, were so gross and culpable in nature that such acts and omissions were reckless, willful and wanton, deliberately indifferent to, and in complete disregard for, the life and safety of Plaintiff.

62. Punitive and exemplary damages are warranted in this action as a punishment of the Defendants for their reckless and wanton acts, and as a deterrent to the Defendants and others for committing the same or similar actions that endanger the general safety of the public.

63. Defendants acted with malice. Defendants had knowledge of facts, or intentionally avoided learning knowledge of facts, or intentionally disregarded facts that created a high probability of injury to the Plaintiff. Defendants deliberately proceeded to act in conscious or intentional disregard of, or indifference to, the risk of harm to the Plaintiff.

64. Defendants had actual or constructive knowledge of the dangerous conditions existing and the Defendants failed to utilize due care in light of that danger.

65. As a direct and proximate cause and result of the acts and omissions of Defendants as alleged herein, including, but not limited to, Defendants' negligence, gross negligence, reckless, willful and wanton conduct, Plaintiff is entitled to recover actual, exemplary and punitive damages as more specifically set forth below.

## DAMAGES

66. Plaintiff hereby incorporates by reference, all statements and allegations contained in the paragraphs above, as if fully set forth herein.

67. As a direct and proximate cause and result of the acts and omissions of the Defendants, Plaintiff is entitled to and pleads for the recovery of the following damages:

   a. Past and future medical, therapy and related expenses in excess of $31,000;

   b. Past and future physical pain and suffering in an amount to be proven at trial;

   c. Past and future emotional pain and suffering in an amount to be proven at trial;

  d. Past and future disability in an amount to be proven at trial;

  e. Past and future loss of enjoyment of life in an amount to be proven at trial;

  f. Past and future loss of earnings, earning capacity and economic support in an amount to be proven at trial;

  g. Past and future special damages in an amount to be proven at trial;

  h. Past and future general damages;

  i. Punitive damages in an amount to be proven at trial; and

  j. Any and all other relief and costs available by law.

**WHEREFORE,** Plaintiff respectfully prays that the Court enter judgment against Defendants, and each of them, as follows:

  a. Judgment against Defendants for general damages in an amount consistent with the allegations set forth herein and to be proven at trial;

  b. Judgment against Defendants for special damages in an amount consistent with the allegations set forth herein and to be proven at trial;

  c. That the Plaintiff be awarded all other and further relief as the Court deems just and equitable in the circumstances.

Dated this 23rd day of September 2011.


/s/ Shandor S. Badaruddin
Shandor S. Badaruddin
Moriarity, Badaruddin & Booke, LLC
124 West Pine Street, Suite B
Missoula, Montana 59802-4222
Telephone:  406-728-6868
Facsimile:  406-728-7722
Email:  Shandor@mbblawfirm.com;
          Ed@mbblawfirm.com

*Attorneys for Plaintiff*

# DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, and L.R. 38.1, Plaintiff demands that a jury try all of the above issues and allegations.

Dated this the 23rd Day of September, 2011

/s/ Shandor S. Badaruddin
Shandor S. Badaruddin
Moriarity, Badaruddin & Booke, LLC
124 West Pine Street, Suite B
Missoula, Montana 59802-4222
Telephone:  406-728-6868
Facsimile:   406-728-7722
Email:        Shandor@mbblawfirm.com;
                  Ed@mbblawfirm.com

*Attorneys for Plaintiff*