Perry J. Schneider, Esq.
MILODRAGOVICH, DALE,
STEINBRENNER & NYGREN, P.C.
620 High Park Way
P.O. Box 4947
Missoula, Montana 59806-4947
Telephone: (406) 728-1455
Telefax: (406) 549-7077
E:Mail:  perrys@bigskylawyers.com@bigskylawyers.com
        *Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | |
|---|---|
| LAURA HART,<br><br>        Plaintiff,<br><br>    -vs-<br><br>MISSOULA SAWS, INC., BRIAN MILLER, and JOHN DOES 1 to 10,<br><br>        Defendants. | Cause No.  CV-11-00128-DWM-JCL<br><br>**ANSWER TO COMPLAINT &<br>DEMAND FOR JURY TRIAL** |

COMES NOW Defendant, Missoula Saws, Inc., and Brian Miller, by and through their undersigned counsel of record, and in answer to Plaintiff's Complaint state as follows:

## PARTIES

1.    Upon information or belief, Defendants admit the factual allegations set forth in Paragraph 1 of the Complaint.

2.    Defendants admit the factual allegations set forth in Paragraph 2 of the Complaint.

3.    Defendants admit the factual allegations set forth in Paragraph 3 of

1

the Complaint.

4.     Defendants are without sufficient knowledge to admit or deny the factual allegations set forth in Paragraph 4 of the Complaint.  Therefore, Defendants generally deny the allegations set forth in Paragraph 4 of the Complaint until additional information becomes available.

## JURISDICTION AND VENUE

5.     To the extent that Paragraph 5 of the Complaint sets forth a legal conclusion, no answer is required.  Based on reason and belief, Defendants admit the factual allegations set forth in Paragraph 5.  However, Defendants reserve the right to amend this response if facts come to light through the course of discovery that Plaintiff was in fact a Montana resident on August 27, 2010.

6.     To the extent Paragraph 6 of the Complaint sets forth a legal conclusion, no answer is required.  Defendants admit that at the time of the alleged accident they were residents and/or incorporated under the laws of Montana and subject to the jurisdiction of Montana's courts.

7.     To the extent that Paragraph 7 of the Complaint sets forth a legal conclusion, no answer is required.  Based on reason and belief, Defendants admit the factual allegations set forth in Paragraph 7.  However, Defendants reserve the right to amend this response if facts come to light through the course of discovery that the amount in controversy does not exceed the Federal statutory jurisdictional limit.

8.     To the extent that Paragraph 8 of the Complaint sets forth a legal conclusion regarding this Court's jurisdiction, no answer is required.  Based on reason and belief, at this time, Defendants do not object to this Court's jurisdiction.  However, Defendants reserve the right to amend this response if facts

2

come to light through the course of discovery that Plaintiff was in fact a Montana resident on August 27, 2010, or if the amount in controversy does not exceed the Federal statutory limit.

9.      To the extent that Paragraph 9 of the Complaint sets forth a legal conclusion regarding this Court's jurisdiction, no answer is required.  Defendants admit that the subject accident took place in Missoula County, State of Montana. Defendants deny all remaining factual allegations set forth in Paragraph 9.

10.      Defendants admit that the subject accident took place in Missoula County, State of Montana and where Federal jurisdiction exists, venue for an action arising in that county is the Missoula Division of the District of Montana. Defendants do not object to venue unless facts come to light demonstrating that this Court lacks jurisdiction over this matter.  Defendants deny any and all remaining factual allegations, whether expressed or implied, in Paragraph 10.

## FACTS COMMON TO ALL CAUSES OF ACTION

11.      Defendants admit the factual allegations set forth in Paragraph 11 of the Complaint.

12.      Defendants admit the factual allegations set forth in Paragraph 12 of the Complaint.

13.      Defendants admit the factual allegations set forth in Paragraph 13 of the Complaint.

14.      Defendants admit the factual allegations set forth in Paragraph 14 of the Complaint.

15.      Defendants admit the factual allegations set forth in Paragraph 15 of the Complaint.

16.      To the extent that Paragraph 16 of the Complaint sets forth a legal

3

conclusion, no answer is required.  Defendants admit Defendant Missoula Saws, Inc., may be liable for its own acts or admissions or those executed by its officers, directors, managers and agents.  Defendants deny any and all remaining factual allegations, whether expressed or implied, in Paragraph 16.

17.   To the extent that Paragraph 17 of the Complaint sets forth a legal conclusion, no answer is required.  Defendants admit Defendant Missoula Saws, Inc., may be vicariously liable for all the acts and omissions Defendant Miller committed within the course and scope of his employment.  Defendants deny any and all remaining factual allegations, whether expressed or implied, in Paragraph 17.

18.   To the extent that Paragraph 18 of the Complaint sets forth a legal conclusion, no answer is required.  Defendants admit Defendant Missoula Saws, Inc., may be directly liable for the acts and omissions of its directors, officers, and managing agents.  Defendants deny any and all remaining factual allegations, whether expressed or implied, in Paragraph 18.

19.   Defendants admit the factual allegations set forth in Paragraph 19 of the Complaint.

20.   Defendants admit the factual allegations set forth in Paragraph 20 of the Complaint.

21.   Defendants admit the factual allegations set forth in Paragraph 21 of the Complaint.

22.   Defendants admit the factual allegations set forth in Paragraph 22 of the Complaint.

23.   Defendants deny the factual allegations set forth in Paragraph 23 of the Complaint.

24.     Defendants deny the factual allegations set forth in Paragraph 24 of the Complaint.

25.     Defendants admit the factual allegations set forth in Paragraph 25 of the Complaint, but deny any implied or expressed allegation that Defendant Miller caused the alleged accident or any injuries to Plaintiff.

26.     Defendants deny the factual allegations set forth in Paragraph 26 of the Complaint.

27.     Defendants admit the factual allegations set forth in Paragraph 27 of the Complaint, but deny any implied or expressed allegation that a failure to sound his horn caused the alleged accident or any injuries to Plaintiff.

28.     Defendants are without sufficient information to admit or deny the factual allegations set forth in Paragraph 28 of the Complaint, and therefore deny the same until the extent, if any, of injury can be determined.  Defendants deny any implied or expressed allegation that Defendant Miller caused the alleged accident or any injuries to Plaintiff.

29.     To the extent that Paragraph 29 of the Complaint sets forth a legal conclusion, no answer is required.  Defendants deny the factual allegations set forth in Paragraph 29 of the Complaint.

30.     Upon information and belief, Defendants admit the factual allegations set forth in Paragraph 30 of the Complaint.

31.     Defendants are without sufficient information to admit or deny the allegations set forth in Paragraph 31 of the Complaint regarding the extent, if any, of Plaintiff's alleged injuries and, therefore, deny the allegations until additional information becomes available.

32.     Defendants deny the factual allegations set forth in Paragraph 32 of

5

the Complaint.

33.    Defendants deny the factual allegations set forth in Paragraph 33 of the Complaint.

34.    Defendants deny the factual allegations set forth in Paragraph 34 of the Complaint.

35.    Defendants deny the factual allegations set forth in Paragraph 35 of the Complaint.

36.    Defendants deny the factual allegations set forth in Paragraph 36 of the Complaint.

37.    To the extent that Paragraph 37 of the Complaint sets forth a legal conclusion, no answer is required.  Defendants admit Defendant Missoula Saws, Inc. may be responsible for the acts or omissions of its agents, representatives, employees and for its own acts and omissions, but deny any expressed or implied allegation that it was responsible for the August 27, 2012 accident.

38.    Defendants admit the factual allegations set forth in Paragraph 38 of the Complaint.

39.    Defendants deny the factual allegations set forth in Paragraph 39 of the Complaint.

40.    To the extent that Paragraph 40 of the Complaint sets forth a legal conclusion, no answer is required.  Defendants deny the remaining factual allegations, expressed or implied, in Paragraph 40 of the Complaint.

## FIRST CAUSE OF ACTION
### NEGLIGENCE

41.    Defendants restate the answers to Paragraph 1 through 40 of the Complaint as though fully set forth herein.

42.     To the extent Paragraph 42 of the Complaint sets forth a legal conclusion, no answer is required.  Defendants affirmatively state that Defendants owe a legal duty to comply with all Federal and Montana laws.  Defendants deny all remaining allegations, either expressed or implied, set forth in Paragraph 42 of the Complaint.

43.     Defendants deny the factual allegations set forth in Paragraph 43 of the Complaint.

44.     Defendants deny the factual allegations set forth in Paragraph 44 of the Complaint.

45.     Defendants deny the factual allegations set forth in Paragraph 45 of the Complaint.

46.     To the extent Paragraph 46 of the Complaint sets forth a legal conclusion, no answer is required.  Defendants affirmatively state that by law a corporation acts through its directors, or officers, or employees or other agents and, within the course and scope of the individual's employment, is vicariously responsible for their acts.  Defendants deny any implied or expressed allegation that Defendant Miller caused the alleged accident or any injuries to Plaintiff.

47.     Defendants admit the factual allegations set forth in Paragraph 47 of the Complaint

48.     To the extent Paragraph 48 of the Complaint sets forth a legal conclusion, no answer is required.  Defendants affirmatively state that Defendant Missoula Saws, Inc., may be vicariously liable for the negligent acts or omissions of their employees, representatives, and agents, by virtue of the doctrine of *respondeat superior*.  Defendants deny all remaining allegations, either expressed or implied, set forth in Paragraph 48 of the Complaint.

7

## SECOND CAUSE OF ACTION
## NEGLIGENCE PER SE

49.     Defendants restate the answers to Paragraphs 1 though 48 of the Complaint as though fully set forth herein.

50.     To the extent Paragraph 50, subparts (a) through (f), of the Complaint sets forth legal statutes and constitute legal conclusions, no answer is required. Defendants deny all remaining allegations, either expressed or implied, set forth in Paragraph 50, subparts (a) through (f), of the Complaint.

51.     Defendants deny the factual allegations set forth in Paragraph 51 of the Complaint.

52.     Defendants deny the factual allegations set forth in Paragraph 52 of the Complaint.

53.     To the extent Paragraph 53 of the Complaint sets forth a legal conclusion, no answer is required.  Defendants affirmatively state that Plaintiff was within the class of persons some of the above described laws and regulations were designed to protect, but deny that it was the cause of the August 27, 2010 or that such above described laws and regulations impose liability on Defendants for the August 27, 2010 accident.

54.     Defendants deny the factual allegations set forth in Paragraph 54 of the Complaint.

55.     Defendants deny the factual allegations set forth in Paragraph 55 of the Complaint.

56.     Defendants deny the factual allegations set forth in Paragraph 56 of the Complaint.

57.     Defendants deny the factual allegations set forth in Paragraph 57 of

the Complaint.

58.     To the extent Paragraph 58 of the Complaint sets forth a legal conclusion, no answer is required.  Defendants affirmatively state that Defendant Missoula Saws, Inc., may be vicariously liable for the negligent acts or omissions of their employees, representatives, and agents, by virtue of the doctrine of *respondeat superior*.  Defendants deny all remaining allegations, either expressed or implied, set forth in Paragraph 58 of the Complaint.

## THIRD CAUSE OF ACTION
## PUNITIVE DAMAGES

59.     The Defendants restate the answers to Paragraphs 1 through 58 of the Complaint as though fully set forth herein.

60.     To the extent Paragraph 60 of the Complaint sets forth a legal conclusion, no answer is required.  Defendants affirmatively state that Defendants owe a legal duty to comply with all Federal and Montana laws.  Defendants deny all remaining allegations, either expressed or implied, set forth in Paragraph 60 of the Complaint.

61.     Defendants deny the factual allegations set forth in Paragraph 61 of the Complaint.

62.     Defendants deny the factual allegations set forth in Paragraph 62 of the Complaint.

63.     Defendants deny the factual allegations set forth in Paragraph 63 of the Complaint.

64.     Defendants deny the factual allegations set forth in Paragraph 64 of the Complaint.

65.     Defendants deny the factual allegations set forth in Paragraph 65 of

the Complaint.

## DAMAGES

66.    Defendants restate the answers to Paragraphs 1 through 65 of the Complaint as though fully set forth herein.

67.    Defendants deny the allegations set forth in Paragraph 67, subparts (a.) through (j.), of the Complaint.

### SECOND DEFENSE AND FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a cause of action upon which relief can be granted.

### THIRD DEFENSE AND SECOND AFFIRMATIVE DEFENSE

Plaintiff's injuries may have been caused or contributed to by one or more of the Plaintiff's acts of commission or omission.  If this is found to be true at trial by the finder of fact, Defendants are entitled to the benefits of Mont. Code Ann. § 27-1-702 *et. seq.*

### FOURTH DEFENSE AND THIRD AFFIRMATIVE DEFENSE

The damages set forth in the Complaint, if any, were caused by the negligent conduct of persons outside the control of Defendants.  To the extent Plaintiff's injuries were caused by persons or entities other than Defendants, Defendants are entitled to the benefits of Mont. Code Ann. § 27-1-701, *et seq.* Defendants are entitled to a *pro-tanto* offset to any judgment rendered against it in the amount paid by settling defendants pursuant to Mont. Code Ann. § 27-1-308 or other collateral sources.

### FIFTH DEFENSE AND FOURTH AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, must be eliminated or reduced because of her failure to mitigate damages.

10

## SIXTH DEFENSE AND FIFTH AFFIRMATIVE DEFENSE

Defendants contest Plaintiff's claim of damages at this time.  To the extent Plaintiff's damages were caused in whole or in part by medical conditions existing prior to the August 27, 2010 accident or to any damage arising from an injury occurring after the August 27, 2010 accident, Defendants are entitled to a reduction of liability for any percentage of liability apportioned to any preexisting medical condition or subsequent injury.

## SEVENTH DEFENSE AND REMAINING AFFIRMATIVE DEFENSES

Plaintiff's claims are barred by the doctrine of:

a.     Accord and Satisfaction;

b.     Estoppel;

c.     Laches;

d.     Release;

e.     Waiver;

f.     Defect;

g.     Lack of Privity;

h.     Parol Evidence;

i.     *Res Judicata*;

j.     Statute of Limitations; and/or

k.     Statutory, contractual, or common law immunity.

## AVAILABILITY OF DEFENSES

At this time, Defendants are not certain what affirmative defenses may apply if this case goes to trial.  Discovery, trial preparation and the facts of the case may make additional affirmative defenses applicable, and, thus, are hereby raised in Defendants' Answer to avoid being waived.  Further, Defendants will

11

dismiss any affirmative defenses so raised prior to the date of the final pretrial conference if such defenses do not appear to be reasonably supported by the facts, the existing law or a good faith argument for extension, modification or reversal of existing law.  The purpose of raising these defenses is not to create a defense where none exists or for any other improper purpose.  Instead, it is recognition that the pleadings, discovery, and trial preparation require an examination and evaluation of evolving facts and law.  The trier-of-fact should have available for consideration all defenses that may apply.

WHEREFORE, Defendants pray:

1.     The Plaintiff takes nothing by her Complaint;

2.     Defendants be awarded fees and costs of suit to the extent permitted by law; and

3.     Defendants be awarded such other and further relief as this Court deems just and proper.

DATED this 26th day of October, 2011.

By:   /s/ Perry S. Schneider
        Perry S. Schneider

MILODRAGOVICH, DALE,
STEINBRENNER & NYGREN, P.C.
*Attorneys for Defendants*

12790/2(ljs)
L:\worldox\DOCS\CLIENTFL\12790\002\ANS\00290087.WPD