Gary L. Shockey
Gary Shockey Law P.C.
480 South Cache
P.O. Box 10773
Jackson, Wyoming 83002
Telephone:	307 733 5974
Facsimile:	866 567 8950
Email:		garyshockey@msn.com

Edward P. Moriarity
Shandor S. Badaruddin
Moriarity, Badaruddin & Booke, LLC
124 West Pine Street
Missoula, Montana 59802-4222
Telephone:	406-728-6868
Facsimile:	406-728-7722
Email:		Shandor@mbblawfirm.com;
		Ed@mbblawfirm.com

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MONTANA

# MISSOULA DIVISION

| | |
|---|---|
| LAURA HART,<br><br>    Plaintiff,<br><br>v.<br><br>MISSOULA SAWS, INC., BRIAN MILLER, and JOHN DOES 1 to 10,<br><br>    Defendants. | CASE NO: 9:11-CV-128-DWM-JCL<br><br>**PLAINTIFF'S PRELIMINARY PRETRIAL STATEMENT** |

COMES NOW Plaintiff Laura Hart, by and through counsel, as required by Local Rule 16.2(b)(1) and the Order of Court, and makes this Preliminary Pretrial Statement as follows:

### A. Brief Factual Outline of Case

Plaintiff Laura Hart is an individual. Defendant Missoula Saws, Inc., hereinafter Defendant Missoula Saws, is a Corporation that does business in Missoula County. Defendant Brian Miller, hereinafter Defendant Miller, is an officer and employee of Defendant Missoula Saws, Inc.

On August 27, 2010, Plaintiff Hart was exiting the Town Pump Gas Station and Convenience Store in Lolo, Montana. Plaintiff Hart was struck by a vehicle owned and operated by Defendant Missoula Saws, and driven by Defendant Miller. Plaintiff Hart was injured as a result of the collision. Plaintiff alleges the collision, and resulting injury, was caused by the negligent and/or reckless acts of the Defendants.

### B. Issues Concerning Jurisdiction and Venue

Jurisdiction and Venue are proper.

Plaintiff Hart is a citizen of the State of Washington. She resides and is domiciled in the State of Washington. Defendant Brian Miller is a citizen of Montana. He works in Missoula. Defendant Missoula Saws is a corporation incorporated under the laws of the State of Montana. It has only

one place of business in the State of Montana. To the extent it might have operations in, or a nexus to, another state, that state is not the State of Washington. Plaintiff has alleged, and can demonstrate, damages in excess of $75,000. This Court has jurisdiction pursuant to 28 U.S.C. § 1332 because there is diversity of citizenship, and the amount in controversy exceeds $75,000.

Pursuant to L.R. 1.9(c) and 1.11(2), proper venue for this cause of action is the United States District Court for the District of Montana in the Missoula Division. The Missoula Division contains the county in which venue would be proper under the laws of the state of Montana. Each party has impliedly consented to venue pursuant to L.R. 1.11(3)(a) by virtue of the failure to object to the same within the time allowed. The acts and omissions alleged in the Complaint occurred in Missoula County, in the State of Montana, which is within the Missoula Division of the District of Montana

**C. Factual Basis of Each Claim Advanced by the Plaintiff.**

    **1. Negligence**

Plaintiff Hart alleges that Defendant Miller drove his vehicle in an erratic, reckless, careless and negligent manner. The negligence was alleged to include, but not be limited to, driving too fast, failing to sound his horn, failing to yield, failing to take evasive action to avoid Plaintiff, and failing to

stop the vehicle prior to striking Plaintiff. Plaintiff Hart also alleges certain laws and regulations were violated which amounts to negligence per se.

Plaintiff Hart alleges Defendant Missoula Saws failed to properly hire, train and supervise its employees with respect to the proper operation of its vehicles, failed to inspect and maintain its vehicles, and otherwise failed to ensure safe operation of its vehicles. Plaintiff Hart also alleges that Defendant Miller was acting within the course and scope of his employment and was otherwise authorized to drive and use the vehicle at the time of the collision and injury to Plaintiff, and is therefore vicariously liable for the acts and omissions of its President and CEO, Defendant Miller. Plaintiff Hart also alleges that Defendant Missoula Saws is directly liable for its own acts and omissions, and as a corporation, it acts by and through its officers and directors, such as Defendant Miller. Last, Plaintiff Hart alleges Defendant Missoula Saws is liable by virtue of its ratification of the negligent acts and omissions of Defendant Miller.

### 2. Negligence Per Se

Plaintiff alleges that Defendants violated laws that articulate requirements for safe operation of vehicles, including, but not limited to, Mont. Code Ann. § 61-8-301(a) (2011), Mont. Code Ann. § 61-8-302(1) (2011), Mont. Code Ann. § 61-8-335 (2011), Mont. Code Ann. § 61-8-

336(1) (2011), Mont. Code Ann. § 61-8-345 (2011), and Mont. Code Ann. § 61-8-504 (2011). The factual basis for each such claim is as follows:

Negligence per se claim under Mont. Code Ann. § 61-8-301(a)(2011): Defendants operated their vehicle with willful or wanton disregard for the safety of Plaintiff.

Negligence per se claim under Mont. Code Ann. § 61-8-302(1)(2011): Defendants did not operate their vehicle in a careful and prudent manner.

Negligence per se under Mont. Code Ann. § 61-8-335 (2011): Defendants moved a stopped, standing, or parked vehicle when movement could not be made with reasonable safety.

Negligence per se under Mont. Code Ann. § 61-8-336(1)(2011): Defendants did not give an appropriate signal before colliding with Plaintiff.

Negligence per se under Mont. Code Ann. § 61-8-345 (2011): Defendants did not yield to pedestrians such as Plaintiff.

Negligence per se claim under, and Mont. Code Ann. § 61-8-504 (2011): Defendants did not sound their horn to warn Plaintiff.

Plaintiff also alleges that the acts and omissions of Defendants amount to a violation of other unidentified laws, rules, regulations or other requirements of law.

Plaintiff alleges that Defendant Miller is directly liable for his own acts and omissions and that Defendant Missoula Saws is (1) directly liable for the acts and omissions of its President and CEO Defendant Miller and (2) vicariously liable for any acts and omissions of its employees committed within the course and scope of their employment.

### 3. Punitive Damages

Defendant's acts and omissions were so gross and culpable in nature that such acts and omissions were reckless, willful and wanton, deliberately indifferent to, and in complete disregard for the life and safety of Plaintiff. Defendant had knowledge of facts, or intentionally avoided learning knowledge of facts, or intentionally disregarded facts that created a high probability of injury to the Plaintiff. Defendant deliberately proceeded to act in conscious or intentional disregard of, or indifference to, the risk of harm to Plaintiff Ridgeway.

### D. The Legal Theory Underlying Each Claim or Defense.

Plaintiff has asserted claims of negligence, and negligence per se, as well made a request for punitive damages, as outlined above in paragraph (C). Plaintiff has cited the statutes supporting its negligence per se claims and submits the other claims require no citation to authority.

E. **Computation of Damages.**

Plaintiff will request damages in an amount that will reasonably and fairly compensate her for all loss caused by the Defendants, and those are computed based on the following category of damages:

1. Pain and suffering: Plaintiff will request reasonable compensation for all pain and suffering experienced and reasonably probable to be experienced in the future. Plaintiff will request an amount that is just and reasonable, but has not yet determined what that amount will be. Montana law does not set a definite standard by which to calculate compensation for mental and physical pain and suffering and distress. Mont. Pattern Jury Instr. Civ. 25.01; 25.02 (2nd ed. 2003);
2. Loss sustained as a result of plaintiff's inability to pursue an occupation: Plaintiff will use an expert economist to value the difference between the occupations to which she is now limited from those in which she may engage and to adjust same to present value;
3. Lost earnings and lost earning capacity (past and future): Plaintiff will rely upon expert economic testimony based on earnings documentation (as yet not obtained) and projected life

expectancy, to estimate the amount of lost earnings and to convert that amount to present value as of the date of trial;

4. Lost services to self: Plaintiff will request the reasonable value of any and all services that the Plaintiff can no longer perform for herself. Plaintiff will use an expert to identify the cost of these services and value same at present value. Plaintiff will rely on medical records as well as the economist to identify and calculate these damages;

5. Plaintiff will request the reasonable value of all purchases necessitated by the injury. Plaintiff has included all documents currently in her possession in the list in Section B above, and is attempting to secure additional documentation.

6. Plaintiff will request the reasonable value of all necessary care, treatment and services received and reasonably probable to be required in the future as follows:

    i. Past medical bills: Plaintiff will rely on arithmetic to add the amount of past medical bills. Plaintiff will rely on the bills identified in section (B) above, as well as any additional bills and expenses identified in the future.

>> Plaintiff may use an economist to adjust the amount to present value as of the date of trial.
>
> ii. Future medical bills and care: Plaintiff will rely on expert medical testimony and life care planning to estimate the amount of future care and expenses related to same, and to reduce the cost of same to present value as of the date of trial. Other than the medical records described in Section (B), Plaintiff does not yet know what additional documents these experts may rely upon.

7. Plaintiff will request damages for reasonable compensation for impairment of her ability to pursue an established course of life. Plaintiff has not identified a method to calculate this loss amount, but it is distinct from the damages sought for her loss of earning capacity. See Mont. Pattern Jury Instr. Civ. 25.08 (2nd ed. 2003).

8. Plaintiff will request punitive damages as calculated according to Mont. Pattern Jury Instr. Civ. 25.66 (2nd ed. 2003).

**F. The Pendency or Disposition of any related state or federal Litigation.**

There is no related Litigation.

## G. Proposed Stipulations of Fact and the Parties Understanding as to What Law Applies.

### 1. Proposed Stipulations of Fact.

  i. Defendant Missoula Saws, Inc. is a Montana Corporation, which has a principal place of business at 212 Commerce Street, Missoula, Montana 59808;

  ii. Defendant Brian Miller is one of the Directors of the Defendant Missoula Saws, Inc.

  iii. Defendant Brian Miller was the President of Defendant Missoula Saws, Inc. on August 27, 2010.

  iv. Alternative to proposed stipulation no. (iii), Defendant Brian Miller was an officer or manager of Defendant Missoula Saws, Inc. on August 27, 2010.

  v. On August 27, 2010, the Defendant Missoula Saws, Inc. was operating a 2008 Model Chevrolet Pickup Truck with VIN #1GCHK33638F136792, bearing Montana Plates with a license number 4C390B.

  vi. While driving the 2008 Model Chevrolet Pickup Truck on August 27, 2010, Defendant Miller was involved in a collision with Plaintiff.

    vii.  Plaintiff suffered injury as a result of the collision.

    viii.  At the time of the collision with Plaintiff on August 27, 2010, Defendant Miller was an employee, representative, and/or agent of Defendant Missoula Saws, Inc.

    ix.  At the time of the collision with Plaintiff on August 27, 2010August 27, 2010, Defendant was using the 2008 Model Chevrolet Pickup Truck within the course and scope of his employment, representation and/or agency.

    x.  At the time of the collision with Plaintiff on August 27, 2010August 27, 2010, Defendant Miller was an authorized user of the 2008 Model Chevrolet Pickup Truck.

    xi.  Defendant Missoula Saws, Inc. is responsible for the maintenance, repair and condition of the 2008 Model Chevrolet Pickup Truck.

## 2. Plaintiff's Understanding of What Law Applies

This is a diversity action in which jurisdiction is conferred by 29 U.S.C. § 1332. *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938), held that federal courts sitting in diversity apply state substantive law. This case is a lawsuit based on a transaction and occurrence that happened in the State of

Montana and is filed against Montana Defendants. Plaintiff understands and believes that this Court will apply State law, (Montana Law), to any substantive issues that arise. State Law is the law as the State Supreme Court would apply it. *Chemstar, Inc. v. Liberty Mutual Insurance Co.,* 41 F.3d 429, 432 (9th Cir. 1994). If there is no decision by the highest state court on a given issue of state law, "a federal court must apply what it thinks to be the state law after giving proper regard to the relevant rulings or other courts of the State," *Estate of Bosch*, 387 U.S. 456, 465 (1967), based on "all available data," *West v. American Telephone & Telegraph, Co.*, 311 U.S. 223, 237 (1941). This data includes any persuasive authority, including lower state court opinions, decisions from other jurisdictions, statutes, and treatises. *United States v. Colin*, 314 F.3d 439, 443 (9th Cir. 2002).

**H. Proposed Deadlines Relating to Joinder of Parties or Amendment of the Pleadings.**

The parties jointly propose March 1, 2012.

**I. Identification of Controlling Issues of Law Suitable for Pretrial Disposition.**

The Plaintiff cannot identify any controlling issues of law suitable for pretrial disposition.

**J. The Status of Any Settlement Discussions and Prospects for Compromise of the Case.**

The parties have not discussed settlement except to agree that settlement should be discussed at an appropriate time. Plaintiff believes such a discussion could occur after a DME and deposition of the Plaintiff, and after a deposition of the Defendant Miller, and possibly before experts are disclosed.

**K. Suitability of Special Procedures.**

Plaintiff submits that no special procedures are needed.

**L. Other Matters in the Order dated September 26, 2011 at docket no. 4.**

The Court ordered the parties to identify any issues relating to the disclosure or discovery of electronically stored information including (a) issues pertaining to the preservation of such information and (b) issues relating to the form or forms in which such information should be produced.

There is a video of the collision taken by Town Pump equipment. Defendants have it and have agreed to produce and preserve it. The parties have agreed to work together to find a means of viewing it. No other specific issues were identified. General issues regarding the preservation and production of electronically stored information were addressed by the parties

in their earlier filed Joint Discovery Plan, at filed December 2, 2011, at docket no. 11, at paragraph 5(a)(iv), at pages 6-7. If it is suitable to the Court, the parties would like an order that provides as follows:

Electronically stored information should be disclosed and/or produced to the maximum extent possible in the form pursuant to which the information is normally stored, viewed and/or retrieved by the producing party. By way of example only, and not by way of limitation:

a. Electronically stored documents that were created by word-processing software should be electronically produced and, to the extent possible, the author and date of the document should be identified;

b. Electronically stored documents that were created by spreadsheet and/or bookkeeping software should be electronically produced and, to the extent possible, identify who entered the information into and/or authored the spreadsheet, as well as the date the spreadsheet was created; and

c. Electronically stored e-mail communications should be electronically produced in a manner that identifies, to the extent possible, who authored the e-mail, who transmitted the e-mail (whether originally or by way of forwarding, replying, etc.),

who received the e-mail (whether as the original addressee or other recipient), the date and time the e-mail was sent and/or received, the subject of the e-mail, the text thereof and the attachment(s), if any, thereto. Additionally, any attachments to e-mails should be produced with the e-mails.

Dated this the 13th day of December, 2011

/s/ Shandor S. Badaruddin
Shandor S. Badaruddin

Gary Shockey Law P.C.
480 South Cache
P.O. Box 10773
Jackson, Wyoming 83002
Telephone:  307 733 5974
Facsimile:  866 567 8950
Email:  garyshockey@msn.com

Edward P. Moriarity
Shandor S. Badaruddin
Moriarity, Badaruddin & Booke, LLC
124 West Pine Street
Missoula, Montana 59802-4222
Telephone:  406-728-6868
Facsimile:  406-728-7722
Email:  Shandor@mbblawfirm.com;
        Ed@mbblawfirm.com

*Attorneys for Plaintiff*