IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

_____

LAURA HART,

                                                CV-11-128-M-DWM-JCL

          Plaintiff,

  vs.

                                                ORDER

MISSOULA SAWS, INC., BRIAN
MILLER, and JOHN DOES 1 to 10,

          Defendants.

_____

     Defendants Missoula Saws, Inc. and Brian Miller have moved to strike Plaintiff Laura Hart's expert witness, John Daily, and preclude him from testifying on the ground that Plaintiff's expert disclosure was untimely and improper. Alternatively, Defendants argue that Daily's testimony should be excluded under Federal Rule of Evidence 403 because its probative value would be substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury.

     "Expert witness disclosure requirements are strictly enforced," and "[t]he Court has discretion to exclude expert witness testimony due to an inadequate expert disclosure." *McCluskey v. Allstate Ins. Co.*, 2006 WL 5230018 * 3 (D.

Mont. 2006) (citing *Yeti By-Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001). Exclusion is an appropriate remedy unless there is evidence that the "failure to disclose the required information [was] substantially justified or harmless." *Yeti By-Molly*, 259 F.3d at 1106.

The original Fed. R. Civ. P. 16 scheduling order entered in this case required that Plaintiff disclose her liability and damages experts by May 4, 2012. Dkt. 18, at 1. Pursuant to a subsequent stipulation by the parties, the Court extended the deadline for disclosure of Plaintiff's damages experts to July 9, 2012. Dkt. 21. In apparent compliance with the newly-established deadline, Plaintiff disclosed Daily as a damages expert on July 9, 2012.

Defendants nonetheless argue that the disclosure was improper and untimely because Daily's opinions do not relate to damages, making him a liability expert rather than a damages expert. Because the liability expert disclosure deadline was May 4, 2012, Defendants contend that Plaintiff's disclosure was untimely. Plaintiff disagrees with Defendants' characterization, however, and maintains that Daily's opinions go solely to the issue of damages. Plaintiff thus stands by her position that she timely and properly disclosed Daily as a damages expert in compliance with the July 9, 2012, deadline.

Whether Daily is in fact a damages expert as Plaintiff maintains, or a

liability expert as Defendants contend, turns on the nature of his expected opinion testimony under Fed. R. Evid. 702, and the contents of his expert report. This is a negligence case wherein Plaintiff alleges that while walking in a gas station parking lot, she was struck and injured by a vehicle driven by Defendant Brian Miller. Daily explains that his assignment "in this case is limited to determining the speed at impact and the resulting forces acting upon" Plaintiff at the time of the accident. Dkt. 24-2, at 1. Daily concludes that Miller's truck was traveling at "a speed of about 7 mph at impact," and the collision force would have been "between 637lb to 1275 lb." Dkt. 24-2, at 2. And based on "the photos of her injuries," Daily explains that "this force was concentrated between her upper left chest and left hip areas." Dkt. 24-2, at 3. In Daily's opinion, "[t]his is consistent with the location of her injuries and is consistent with a forward projection trajectory." Dkt. 24-2, at 3.

    Plaintiff argues that Daily's task, which was limited to determining the speed at impact and resulting forces, was a "damages assignment" because it did not require him to reconstruct the accident or describe why and how it occurred. Dkt. 25, at 6. As Plaintiff sees it, Daily's opinion relates exclusively to the issue of damages because it addresses "the nature and extent of the impact suffered by Plaintiff at the hands of Defendants, and describes the force imposed by the truck

-3-

on her body." Dkt. 25, at 3.

But Plaintiff's argument overlooks the well-recognized distinction between injury and damages. "To maintain an action in negligence, the plaintiff must prove four essential elements: (1) the defendant owed the plaintiff a legal duty, (2) the defendant breached that duty, (3) the breach was the actual and proximate cause of an injury to the plaintiff, and (4) damages resulted." *Peterson v. Eichhorn*, 189 P.3d 615, 620-21 (Mont. 2008). In Montana, "[e]very person is responsible for injury to the person [or property] of another, caused by his/her negligence." Mont. Pattern Jury Instr. Civil § 3.00 (2d ed. 2003). Likewise, "[e]very person who suffers detriment from the unlawful act or omission of another may recover from the person in fault a compensation therefor in money, which is called damages." Mont. Code Ann. § 27-1-202. As these sources reflect, proof of injury is necessary to establish liability for negligence, while "damages" is a term of art referring to the monetary amount necessary to compensate the plaintiff for his or her injury. The language of the Rule 16 scheduling order relating to expert witness disclosures is based upon, and consistent with, this distinction between injury and damages.

Because Daily's task was limited to determining speed at impact and collision force, his opinion could be relevant only for purposes of establishing the

cause of Plaintiff's personal injuries and thus, Defendant's liability. For all intents and purposes, Daily is a liability expert, which means that Plaintiff was required to disclose his opinion by the May 4, 2012, deadline.  As noted above, however, Plaintiff did not disclose Daily as an expert until July 9, 2012.  Because Plaintiff has not shown that her failure to timely disclose Daily was substantially justified or harmless, the Court finds that the appropriate remedy under the circumstances is to exclude his testimony.[1]  Accordingly,

    IT IS ORDERED that Defendant's motion to strike Daily as an expert is GRANTED.

    DATED this 6th day of September, 2012.

*/s/ Jeremiah C. Lynch*
Jeremiah C. Lynch
United States Magistrate Judge

---

[1] Because Daily's testimony is properly excluded on this basis, the Court need not address Defendants' alternative argument that the testimony should be excluded under Rule 403.